JENKINS BROTHERS (NEW JERSEY), PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26228, 38946.   Promulgated November 30, 1929.

*J. Hardwick Stagg, C. P. A.*, for the petitioner.
*F. S. Easby-Smith, Esq.*, for the respondent.

OPINION.

STERNHAGEN: These proceedings were consolidated for hearing. Separate notices of income tax deficiencies of $2,602.84 for 1922 and of $1,699.76 for 1924 were mailed to petitioner. Of these deficiencies, $2,379.48 for 1922 and $1,504.30 for 1924 are in controversy. The facts are stipulated as follows:

1. The petitioner is a corporation organized under the laws of the State of New Jersey on March 21, 1907, for the purpose of manufacturing valves and rubber packing.

2. The Jenkins Rubber Co. is a corporation organized under the laws of the State of New Jersey for the purpose of manufacturing and selling to the petitioner rubber appliances used in connection with the articles manufactured by the petitioner. Inasmuch as practically all of the stock of the above-mentioned companies was owned or controlled by the same interests, the companies filed consolidated returns and were ruled affiliated by the Commissioner for 1920 and prior years.

3. On April 17, 1920, the petitioner purchased the net assets, exclusive of cash, owned by the Jenkins Rubber Co. for nonvoting common stock of the petitioner having a par value of $400,000. At the time the petitioner was considering the purchase of the assets of the Rubber Company, an appraisal of the assets as of December 31, 1919, was made by the Standard Appraisal Co. and this value was used in arriving at the sale price. The land and depreciable assets had a value of $302,919.78 on December 31, 1919. The net value of all the assets of the Rubber Company, exclusive of cash, on April 17, 1920, is determined as follows:

| | |
|---|---:|
| Appraised value of land and depreciable assets on December 31, 1919 | $302,919.78 |
| Additions from January 1, 1920, to April 17, 1920 | 1,586.88 |
| Total | 304,506.66 |
| Less: | |
| Depreciation sustained from January 1, 1920, to April 17, 1920 | 5,479.54 |
| Net value on April 17, 1920 | 299,027.12 |

Add:

| | |
|---|---|
| Fuel | $2, 173. 00 |
| Rubber | 39, 898. 74 |
| Manufactured goods | 32, 453. 92 |
| Supplies | 24, 764. 94 |
| Accounts receivable | 33, 523. 82 |
| Total | 431, 841. 54 |

Less:

| | |
|---|---|
| Accounts payable | 31, 799. 34 |
| Net value on April 17, 1920 | 400, 042. 20 |

The amount of $299,027.12 indicated above was segregated on the following basis:

| | |
|---|---|
| Land | $17, 605. 00 |
| Buildings and improvements | 118, 959. 02 |
| Machinery and equipment | 162, 463. 10 |
| Total | 299, 027. 12 |

The depreciation computed on these assets and claimed on the tax returns filed by the petitioner for the years 1921, 1922, and 1924 is $18,427.77, $18,886, and $19,827.60, respectively.

4. The Commissioner in the audit of the case computed depreciation on the Rubber Division by taking the depreciated cost of the depreciable assets as reflected by the books of the Jenkins Rubber Co. on January 1, 1920, as a basis after deducting appreciation of $28,-940.82. The book value of the assets on January 1, 1920, as reflected by the books of the Jenkins Rubber Co., after deducting the appreciation referred to above, is $166,833.31, whereas the appraised value of these same assets on that date is $285,314.78. The depreciation allowed by the Commissioner on the assets acquired from the Rubber Company was computed at the rates allowed that company for the years 1917 to 1919, inclusive. The depreciation so computed amounted to $9,088.59, $9,189.34, and $7,793.23 for the years 1921, 1922, and 1924, respectively. Depreciation was disallowed on the assets acquired from the Rubber Company in the amounts of $9,339.18, $9,696.66, and $12,034.37 for the years 1921, 1922, and 1924, respectively.

5. Jenkins Brothers of New Jersey and Jenkins Brothers of New York filed a consolidated return for the year 1924 disclosing a tax liability of $71,298.23. Since all of the outstanding stock of the New York corporation was held by the New Jersey corporation during the year 1924, the Commissioner held that the companies were affiliated and that the audit should be made on the consolidated basis. The tax liability referred to above was assessed on the consolidated return and paid by the New Jersey company, although the New York company's income represented .607 per cent of the

total net income reported on the return. The income of the New York company represented .605 per cent of the consolidated net income after all adjustments had been made by the Commissioner.

6. The Commissioner, in the audit of the case, allocated the original tax liability of the two companies on the basis of the net income reported on the consolidated return. The correct tax liability of $73,005.49 was also allocated, but this allocation was made on the basis of the adjusted income. There was then applied against the tax liability of each company the allocated portion of the original tax liability as shown by the consolidated return. This adjustment resulted in the proposed deficiency for the petitioner of $1,699.76 and a proposed deficiency of $7.50 for the New York company for the year 1924.

7. The shares issued by the petitioner for the acquisition of the assets of the Jenkins Rubber Co. had a tangible or actual value of not less than par.

As well as we can from an unsatisfactory presentation by both parties, we have tried to find the respective contentions as related to the stipulated facts and to consider the reasons upon which they are sought to be supported.

The petitioner and the Jenkins Rubber Co., both New Jersey corporations, were apparently so related in fact as to bring them within the statutory definition of affiliated corporations whose income was taxable on consolidated returns, Revenue Acts of 1918, 1921, and 1924, sec. 240. One of the corporations of the group transferred its assets to the other in exchange for stock, which we may properly assume was issued to the first corporation. Clearly this was an intercompany transaction within the group and did not raise the cost of the assets to the group as a whole. The group could not lift itself by its own bootstraps, even although the assets at the time of transfer had appreciated in value and the stock issued therefor was actually worth par, as stipulated. Since this is the situation disclosed by the facts stipulated, the respondent's determination as to the basis for depreciation is sustained.

Some point is indefinitely made about the respondent's allocation of tax as between petitioner and the New York corporation, but neither the facts nor the law is presented adequately to disclose error by respondent.

*Judgment will be entered for the respondent.*